UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTONIA GONZALEZ MERCADO,**

      Plaintiff,

v.                                                                                    Case No: 6:22-cv-287-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

### MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for disability insurance benefits and supplemental security income. In a decision dated December 22, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from January 11, 2018, through the date of the decision. R. 32. Having considered the parties' memoranda (Docs. 21, 24, 25) and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

**I.     Issues on Appeal**

Claimant raises one issue on appeal: The ALJ's Residual Functional Capacity (RFC) is unsupported by substantial evidence as he failed to properly evaluate the opinion of Ileana Antonetti, M.D. Doc. 26.

**II.    Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

### III. Discussion

The ALJ found that Claimant has the RFC to perform sedentary work as defined in 20 CFR 416.967(a) except Claimant can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; never work in loud or very loud environments; and must avoid concentrated exposure to extreme cold, pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation, and work-place hazards such as moving machinery, moving mechanical parts and unprotected heights.

R. 21.[2]  Claimant challenges the RFC determination based on the ALJ's evaluation of Dr. Antonetti's opinion.  Specifically, Claimant states that on March 24, 2020, Dr. Antonetti, a cardiologist, completed a medical source statement and determined that Claimant had the following limitations:

> sit for 30 minutes at a time; stand for 30 minutes at a time; sit/stand/walk for less than 2 hours total in a workday; would require a job that permits shifting positions at will form sitting, standing, or walking; would require the use of a walker; occasionally lift/carry less than 10 pounds; never lift/carry 10 pounds or more; occasionally twist and look up; rarely stoop/bend, climb stairs, look down, and turn head right or left; never crouch, squat, or climb ladders; occasionally utilize bilateral fingers for fine manipulation; rarely utilize bilateral hand for grasping, turning, or twisting objects; rarely utilize bilaterally arms for reaching including overhead; would require unscheduled breaks every hour for 1-3 hours; would likely be off task more than 20 percent of the workday; and would likely be absent from work as a result of her impairments or treatment more than four days per month.

Doc. 21 at 12, 16, citing R. 1037-1039.

In the decision, the ALJ summarized Dr. Antonetti's findings as well as the other evidence of record and found the following:

> Ileana Antonetti, MD., completed a medical source statement on March 24, 2020. She opined that the claimant could lift and carry less than 10 pounds occasionally; sit, stand and walk for less than 2 hours in an 8-hour workday; occasionally twist; rarely stoop, bend and climb stairs; never crouch, squat or climb ladders; she would need to shift positions at will from standing, sitting or walking positions; she is require to use a walker; and she would need to take unscheduled breaks during an 8-hour workday. She would miss more 4 days of work per month due to her impairments and treatment of impairments. (Exhibit 17F) I find Dr. Ileana Antonetti opinion unpersuasive, as it is conclusory, speculative and not grounded on observable clinical signs in treatments or progress notes. The extent of limitations are also inconsistent with the overall medical record, but also with her own medical examinations, which show consistent improvement of symptoms with treatment. In fact, exams show normal gait, coordination, balance and stance. Heart rate and rhythm were normal with no murmurs, gallops or rubs. There was varicose veins in the both legs. At times, there was only mild edema in the legs. Lungs were clear to

---

[2] The ALJ found that has the following severe impairments:  diabetes mellitus, spine disorder, fibromyalgia, osteoarthritis bilateral hips, bursitis bilateral hips, obstructive sleep apnea, asthma, migraine and chronic venous insufficiency bilateral lower extremities.  R. 17-18.

        auscultation. Most of the time, upon a review of systems, the claimant denied any muscle pain, joint pain, wheezing, cough, dyspnea, headaches, dizziness, weakness, and no intolerance to cold and heat. Her own progress notes fail to indicate any limitations at all. (See exhibits 6F, 9F, 15F)

R. 30.

      Claimant contends that this is a boilerplate analysis, which is improper under the regulations. Doc. 21 at 16. Claimant states that the regulations require that the ALJ explain how supportability and consistency factors were considered pursuant to 20 C.F.R. § 416.920c(b)(2) and argue that the ALJ's summary conclusion does not satisfy the regulation. *Id*. at 17. Specifically, Claimant asserts that the ALJ's determination that Dr. Antonetti's opinion was conclusory and speculative and not grounded in "observable clinical signs in treatments or progress notes" was a "blanket statement." *Id*.

      Claimant adds that the ALJ's evaluation of the record regarding Claimant's "consistent improvement of symptoms" was improper because the ALJ failed to provide citation to the record to support the finding. *Id*. Claimant asserts that the ALJ relied on "selective benign findings" and the "treatment notes document multiple and continuous positive findings." *Id*. at 19. Claimant refers to the record, which she contends demonstrates that she may have been stable but "her condition was not completely resolved." *Id*. at 18, citing R. 1322, 1323. As such, Claimant argues that the ALJ relied on a selective reading of the medical record. *Id*. at 19.

      Claimant argues that the ALJ's error was not harmless. Specifically, Dr. Antonetti's opined that Claimant could sit/stand/walk for less than 2 hours total in a workday and "[u]nder SSR 83-10 at the sedentary level, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Id*. at 20. Claimant concludes that if Dr. Antonetti's opinion was properly evaluated then Claimant could not engage in the sedentary work as reflected in the RFC. *Id*.

The Commissioner disagrees and claims that the ALJ adequately considered supportability and consistency of the opinion and "gave a detailed account of the record to explain the basis for his assessment of the RFC." Doc. 24 at 7. The Commissioner states that "[i]n the context of the ALJ's detailed discussion of the record evidence in support of the RFC finding, he resolved conflicting evidence, including conflicts between Dr. Antonetti's overly restrictive opinion and the record." *Id*. at 8. The Commissioner argues that Claimant's "boilerplate" argument is not proper under the substantial evidence standard of review because the fact that some evidence may contradict the ALJ's finding is not a basis for remand. *Id*. at 9-10. The ALJ agrees that under the "new regulatory scheme," the ALJ must articulate how the supportability and consistency factors were considered for a medical source's opinion but contends that the ALJ is not required to use magic words for articulation. *Id*. at 11. The Commissioner concludes that "the ALJ specifically indicated that Dr. Antonetti's own examination findings were inconsistent with the restrictive limitations that the cardiologist gave and noted that the opinion was conclusory, speculative, and not grounded in observable clinical signs, demonstrating that he considered the 'supportability' factor as required (Tr. 30)." *Id*. at 12. The Commissioner states that the ALJ's statement that Dr. Antonetti's opinion was conclusory is "directly tied to the 'supportability' factor" and the ALJ set out a more detailed recitation of the evidence earlier in the decision when the ALJ summarized the evidence from the physician's exam notes. *Id*. at 13. The Commissioner asserts that Claimant's argument "improperly disconnects the ALJ's discussion of the opinion evidence from his larger and more detailed discussion of the record evidence in the decision." *Id*. at 14, citing 21-30.

The Commissioner also argues that the ALJ properly considered the consistency factor as a recent decision found that the ALJ is not required to address supportability and consistency through separate analyses if the analysis addresses the substance of both factors, which the ALJ

did in the instant case. *Id*. at 15, citing *Alvarez v. Comm'r of Soc. Sec.*, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022) ("The Court is unaware of, and Plaintiff fails to cite, any legal authority indicating that the ALJ cannot address the supportability and consistency of the evidence simultaneously. Rather, as Defendant rightly notes, courts have held that the ALJ need not use any 'magic words' in considering the two factors. . . Therefore, the ALJ's simultaneous consideration of both factors was not improper.").

Claimant filed a Reply and asserts that the Commissioner's argument attempts to diminish the "articulation standard" and that the ALJ was required to evaluate an opinion with citation to evidence to support the determination, which the ALJ failed to do. Doc. 25 at 3. The Claimant maintains that the ALJ did not properly evaluate the opinion of Dr. Antonetti and that she is entitled to relief. *Id*.

The Court agrees with Claimant only with respect to the consistency factor, but that is enough to support a ruling in Claimant's favor. Under the new regulations, "supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record." *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, (M.D. Fla. July 28, 2022), *report and*

*recommendation adopted*, 2022 WL 337665 (M.D. Fla. Aug. 15, 2022) (citing Cook *v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at*3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

Here, much of Commissioner's argument centers around the ALJ's treatment of Dr. Antonetti's opinion as it relates to how the physician articulated support for her own opinion (i.e., the supportability factor). That is for good reason because the substance of the ALJ's analysis focuses on Dr. Antonetti's record with the ultimate conclusion that "[h]er own progress notes fail to indicate any limitations at all." R. 30. The ALJ specifically addresses Dr. Antonetti's "own medical examinations" and the findings regarding Claimant's gait, heart rate, joint pain, etc. that come from those records to show that there is not support for Dr. Antonetti's opined limitations.

In support of the inconsistency determination, the ALJ cites to Exhibits 6F, 9F, 15F. While it is not necessarily the Court's role to pick through these records,[3] a review reflects that the vast majority of this record includes Dr. Antonetti's progress notes and treatment records, which do in fact show—as the ALJ found—that Claimant's heart had a regular rate and rhythm, no murmurs, she had a normal gait and stance, had no headache or dizziness, had no lower extremity edema, and her lungs were clear to auscultation. *See e.g.*, R. 544, 546, 548, 600, 602, 701, 723. Based on the foregoing, the Court agrees with the Commissioner that the ALJ's consideration of Dr. Antonetti's opinion comports with the requirement of the new Social Security Regulations as it relates to the supportability factor.

---

[3] *See*, *Pierson v. Comm'r of Soc. Sec.*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (citing *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("It is not the district court's role on review to scour the entirety of the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies with the particular opinions the ALJ has given partial weight.")

However, the Court finds that the ALJ's analysis of the consistency of Dr. Antonetti's opinion in comparison to other evidence of record is insufficient. While it is not necessary for the decision to use "magic words," the ALJ's analysis on the consistency factor in its entirety is: "The extent of limitations are also inconsistent with the overall medical record." R. 30. There is no discussion of the referenced "overall medical record" beyond this conclusory statement, so the Court is unable to conduct a meaningful review. "Conclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Battie v. Kijakazi*, 2022 WL 4000728, at *6 (S.D. Fla. Aug. 9, 2022) (citing *Pierson.*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020); 2020 C.F.R. 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions. . ."); *see also Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021) (concluding that reversal and remand were necessary where an ALJ only stated that a medical opinion was "somewhat consistent with the entire record" because the revised Regulations "require[ ] more than a conclusory statement, at least with respect to the supportability and consistency factors[,] so that a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions.").

Even though the Court agrees with the Commissioner that the ALJ's statement should not be read in isolation and the decision should be considered as a whole,[4] it is not clear what portions of the record the ALJ relied upon in finding that Dr. Antonetti's opinion was inconsistent in this regard. So, while it may be proper for the ALJ to simultaneously address supportability and consistency as the Commissioner contends, the Court finds that the mere reference to the "overall

---

[4] *See Davis v. Comm'r of Soc. Sec.*, 2011 WL 5826553, at *1, 13 (M.D. Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence).

medical record" does not sufficiently articulate how the consistency factor was considered and, therefore, remand of this matter is appropriate. *See Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (collecting cases where failure to address supportability and consistency factors in decision was reversible error); *Pierson*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (finding reversible error where the ALJ failed to adequately consider the consistency and supportability factors under the new SSA regulations), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020)).

### IV. Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for the Claimant and against the Commissioner and close the case.

**ORDERED** in Orlando, Florida on January 10, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties